### No. 9890.

### IN THE MATTER OF THE INTERDICTION OF JOHN M. G. PARKER.

Under the effect of C. C. 415, the rules laid down in articles 363 and 364, relative to tutors and guardians of minors residing out of the State, apply equally to guardians of insane or interdicted persons residing out of the State.

Such guardians, when duly appointed and qualified according to the laws of the State where the insane person resides, are entitled to recognition as such by our courts, to be vested with the power and authority defined in said articles. But to support a decree to that effect, it is essential that they should not only have been appointed, but that they should have qualified in conformity with the laws of the State where they have been appointed.

APPEAL from the Civil District Court for the parish of Orleans.
*Monroe*, J.

---

*Sambola & Ducros* and *Rouse & Grant* for the Appellant.

1. The powers of executors, administrators or guardians cannot be exercised beyond the limits of the State where they are appointed. Burbank vs. Payne, 17 Ann. 16; Mason vs. Executors of Nutt, 19 Ann. 41; Vaughn et al. vs. Northrup et al., 15 Pet. 1; Morrell et al. vs. Dickey, 1 Johns. Chy. R. 153; Story on Conflict of Laws, § 504, 504a. In the absence of statutory authority, our courts are without jurisdiction to recognize them.

2. If the law were otherwise, our courts could not recognize them until they produced evidence not only of their appointment, but of their qualification, according to the law of the State where appointed.

3. Our courts cannot give effect to the judgments or decrees of the court of another State which they would not have in the State where rendered. After appeal claimed, from a decree of a probate court in Massachusetts and notice given, the decree is vacated. Public Stats. of Mass., chap. 156, sec. 12; and it is an error to give effect to such decree in this State. Briggs et al. vs. Spencer, 3 Rob. 269; Pillet vs. Edgar et al., 4 Rob 274.

4. A judgment of interdiction, where the person interdicted has not been cited or otherwise personally notified, is a nullity. Segar vs. Pellerin, 16 La. 63; 1 N. S. 551; 23 Ann. 26.

*Kennard, Howe & Prentiss* for the Appellee.

The opinion of the Court was delivered by

FENNER, J. Edward M. Tucke and Percy Parker filed a petition in the court below, alleging that the probate court in and for the county of Middlesex and State of Massachusetts, being the court of John M. G. Parker's domicile and having sole jurisdiction in the premises, had rendered a decree adjudging the said Parker to be an insane person incapable of taking care of himself and appointing the petitioners as guardians of his person and estate; that, as such guardians, they are entitled, under the laws of Louisiana and the Constitution of the United States, to exercise within the territory of Louisiana the same rights as in the State of Massachusetts; and, annexing to their petition a duly authenticated copy of the record and decree in the Massachusetts court, they prayed for an order recognizing them as guardians of John M. G. Parker with the powers and duties attaching thereto.

The judge *a quo* thereupon entered the following decree:

"Considering the allegations and prayer of the within petition and document annexed, let Edward M. Tucke and Percy Parker, of Lowell, Massachusetts, be recognized by this court as the guardians of the person and estate of John M. G. Parker, interdict, under and by virtue of a decree rendered by the Probate Court of Middlesex county, State of Massachusetts, on the 21st day of September, 1886; provided, however, that the order shall not be so construed as to authorize said guardians to take possession of or remove from this jurisdiction any property of said interdict until such advertisement shall have been made, and such proof offered as shall satisfy this court that all debts due by said Parker in this State have been paid." R. p. 4.

John M. G. Parker, who, it appears, is now in Louisiana, appeals from this judgment, and makes the following assignment of errors apparent on the face of the record:

1. That said judgment appealed from herein was rendered upon the *ex parte* application of said petitioners, without this appellant having been cited or otherwise notified of said application, or of the pendency of said proceedings in said Civil District Court.

2. That it appears from the record of the proceedings annexed to said petitioner's application to be recognized as guardians of appellant's person and estate in Louisiana, that notice of an appeal had been given, which had the effect of suspending, vacating and superseding said judgment of said probate court, under which they claimed to be acting.

3. That it appears from the said record that the judgment of said probate court, under which said petitioners claimed to be acting, made their appointment as such guardians conditional upon their giving bonds according to the law of said State of Massachusetts, for the due performance of their trust, and it does not appear that they have given any such bonds.

4. That said Civil District Court was without any jurisdiction or authority of law to make said order and decree appealed from herein.

Art. 415 of the Civil Code provides that "the person interdicted is, in every respect, like the minor who is under a tutor, both as respects his person and estate, and the rules respecting the tutorship of the minor, etc., apply with respect to the curatorship of the person interdicted."

Under the effect of this article, we have no doubt that the rules laid down in Articles 363 and 364, relative to the tutor and guardians of minors residing out of the State, apply equally to the guardians of insane or interdicted persons residing out of the State.

We, therefore, conclude that the guardians of such non-resident insane persons, on complying with the requirements of said articles, are entitled to be recognized as such in the courts of this State, and to be vested with the power and authority defined therein.

Hence, we hold that the Civil District Court had jurisdiction over the subject matter of the petition, and that, from the very nature of things, such proceeding was necessarily *ex parte*.

Therefore, the first and fourth assignments of error have no merit.

It only remains to determine whether jurisdiction has been properly exercised, and whether the decree is supported by the evidence upon which it is based.

The article 363 provides : "Any person who has been, or shall be appointed tutor or guardian of any minor residing out of the State of Louisiana, but within the United States, and *who has qualified* as such, in conformity with the laws of the State or county where the appointment was made, shall be entitled to sue for and recover any property, rights or credits belonging to the minor in this State, upon his producing *satisfactory evidence* of his appointment as aforesaid, without

being under the necessity of qualifying as tutor of the minor, according to the laws of Louisiana." To sustain the decree, satisfactory evidence was essential to show that the petitioners had been appointed as guardians, and that they had qualified as such.

The record produced shows a decree of the Massachusetts Court appointing the petitioners as guardians of John M. G. Parker, who is therein adjudged to be an insane person; but it also appears that the decree in terms made the appointment dependent on their "first giving bond according to law for the due performance of said trust," fixed at one hundred thousand dollars.

The record exhibits no evidence whatever that they have furnished such bond, or have ever qualified. Hence the third assignment of error is well taken.

It further appears that a notice of appeal from the decree of the Massachusetts Court was entered, and appellant cites the laws of Massachusetts to show that such notice of appeal had the effect of staying all proceedings under the decree until the determination of the appeal by the appellate court.

To this appellees respond that the law of Massachusetts required to be proved and was not proved in the court below, and further deny that the statute has the effect claimed for it.

We do not find it necessary to determine that question now, because under the third assignment we shall reverse the judgment and remand the case, and appellant will then have the opportunity of urging such objections to the validity, finality and effect of the judgment under the law of Massachusetts as he may see fit.

Of course, the Massachusetts judgment will be entitled to the same faith, effect and credit in Louisiana as it has in Massachusetts.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that the case be remanded for further proceedings according to the views herein expressed.